UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00175-LEW |
| | ) | |
| LUCAS SIROIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION FOR JUDICIAL ACTION AND MOTION TO SEAL

Based on the social media activity of Defendants Lucas Sirois and Robert Sirois, the Government seeks an order granting relief under Local Rule 157.3. Mot. for Judicial Action (ECF No. 649). The Government also seeks to keep its Motion under seal to avoid stirring up media attention in the lead up to trial. Motion to Seal (ECF No. 648).

The Motions are denied for the reasons that follow.

### BACKGROUND

This case involves an alleged marijuana trafficking conspiracy. The Superseding Indictment (ECF No. 595) charges eight counts against five defendants. The case has been pending for four years and trial is set to begin on November 12, 2025.

Defendants Lucas Sirois and Robert Sirois have social media accounts on which they have posted content encouraging others to participate in a multi-day "Banger in Bangor," an event they describe as a "rally for cannabis rights." In effect, the posts encourage attendance at their trial to protest their prosecution. In addition, Robert Sirois has expressed encouragement for jury nullification based on the theme "No Victim = No

Crime = Not Guilty." According to Robert Sirois, his counsel told him to do what he can to ensure that the courtroom will be full of supporters. Robert Sirois also has complained on social media that the Government is taking the position that Maine medical marijuana law is irrelevant to the determination of the charges against him.

The Government anticipates a substantial turnout at the trial, both in the courtroom and outside near the courthouse, and asks the Court to issue an order that will ensure that trial proceedings are orderly. The Government also expresses concern over speech activity that calls for jury nullification. The Government therefore requests a special order that (1) designates where Defendants' supporters can gather outside the courthouse; (2) establishes rules of decorum; and (3) directs Defendants not to advocate for jury nullification in their public speech activity.

## DISCUSSION

Rule 157.3 of the District of Maine Local Rules governs "special orders" to protect the right of the accused to receive a fair trial with an impartial jury. A need for such orders commonly arises in criminal cases that are "widely publicized" and/or "sensational." D. Me. Loc. R. 157.3. Recent examples of such cases include the Karen Read trial in Norfolk, Massachusetts, and the Dzhokhar Tsarnaev trial in Boston, Massachusetts, two cases that clearly qualify as widely publicized and sensational. Although the Court appreciates the Government's concern for an orderly trial, it remains to be seen whether this case will garner wide or sensational public interest. Furthermore, even if there is a substantial turnout of members of the public who support the legalization of marijuana generally or who oppose the decision to prosecute Defendants specifically, the Court has no reason, at

least at present, to anticipate that they would prove unruly or disruptive, or that the ordinary measures observed by the U.S. Marshal Service and court security personnel will be inadequate to prevent protest activity in or on the grounds of the federal building; ensure unimpeded and harassment-free access to the courthouse by the parties, counsel, witnesses, and members of the jury; and prevent the disruption of proceedings by those present in the courtroom.    If counsel are encouraging their clients to "pack the courtroom with supporters" as has been suggested in the Government's filings, so be it.  It is often my hope that more courtrooms were full of interested and engaged citizens to observe firsthand what we do in these beautiful but often empty spaces.  However, as counsel also know, this should not be interpreted as an invitation to disregard regular order and appropriate decorum in the courtroom, where after all, we will be conducting a trial.  Just as the integrity of the trial process is protected by the faithful application of the rules of law, evidence and procedure, so too will it be protected by the expectation of proper decorum by those who are there to observe.

For this reason, the Government's request for a special order is at this time denied without prejudice.    Should circumstances call for revisitation of this ruling, the Government may again request the issuance of a special order, including orally in open court.

As for the matter of Robert Sirois's social media posts advocating jury nullification, the Court has faith in the jury selection process, the petit jury as an institution, and the jury's ability to follow my instruction that they are to apply the law as I give it to them, whether they agree with the law or not.  Therefore, I decline to censor the Defendants'

3

social media speech activity and leave it to counsel to advise their clients concerning the boundary line between free speech in support of public attendance at the trial and an indictable federal offense.[1]

Finally, in regard to maintaining the seal on these Motions, "[c]ourts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002) (quoting *Siedle v. Putnam Inv.*, *Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).  The Government's Motions are "judicial records" that the public would expect to have access to, *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013); indeed, the Motions concern, in part, the terms on which members of the public might access the courthouse or engage in protest activity outside it.  Given this context, I am not persuaded that Rule 157.4 (which the Government cites in support of the seal) overrides the public's right to access and monitor the judicial process.  In fact, there may be a good deal of benefit to the public for it to better understand the rules of the road and the delicate balance of the tensions of the competing interests that we must contend with in order to ensure a fair trial.

## CONCLUSION

The Government's Motion to Seal (ECF No. 648) and Motion for Judicial Action (ECF No. 649) are DENIED.  The Government may make a renewed request for a Local

---

[1] Defendants' counsel are reminded that, as officers of the court, their freedom to advocate publicly on behalf of such notions is restricted, as they no doubt already appreciate. *See, e.g.*, D. Me. Loc. R. 157.4. In terms of the boundary line between lawful free speech activity and indictable speech activity, now that a jury has been selected in this case, it is a federal offense to attempt to influence the decision of a juror by means of a "written communication" on "any issue or matter pending before such juror . . . or pertaining to his duties."  18 U.S.C. § 1504.

4

Rule 157.3 special order based on circumstances existing during the trial, if warranted, including by oral motion in open court.

      SO ORDERED.

      Dated this 7th day of November, 2025.

                                /s/ Lance E. Walker
                                Chief U.S. District Judge